BADER, Appellant, v. ST. FRANCIS LEVEE DISTRICT, Respondent.

St. Louis Court of Appeals, February 21, 1905.

1. **WATERCOURSES: Levee: Damages for Negligent Construction: Defense.** In an action for damages to plaintiff's land by reason of the improper construction of a levee so that it obstructed the flow of a bayou which drained a lake, thus causing plaintiff's land to overflow, the defense that the plaintiff's land was subject to overflow unless protected by the levee and that the overflow which caused the damage came so late in the season that it would have caused the damage in any event, was not available.

2. ———: ———: ———: **The Issue.** The gravamen of the case was that the levee should have been so built as not to obstruct the drainage of the lake and still have protected the land from overflow.

3. ———: ———: ———: **Limitations.** That the channel of the bayou had been obstructed many years before the damage in question occurred can not be considered as a defense in the absence of a pleading of the Statute of Limitations.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*C. G. Shepard* for appellant.

(1) The building by defendant of a solid embankment across the bayou mentioned, which was the natural and only drainage for a large scope of country, said bayou being a natural watercourse, and without preparing other means of damage was negligence *per se,* and the plaintiff was entitled to have his case submitted to the jury on the correct principles of law.   Railway v. Shaw, 56 L. R. A. 341; Jones v. Railway, 18 Mo. App. 251; Sullivan v. Dooley, 73 S. W. 82.   (2) Instruction numbered three, given at the instance of the defendant, is vicious in the extreme.   It is void of all sense of equity and justice, and is directly in the face of the holding of the appellate courts of this State since the adoption of our Constitution of 1875.   It deprives the plaintiff of the right to share the benefits in common with others, and forces him to stand the loss peculiar to his property alone.   Newby v. Platte Co., 25 Mo. 258; Railroad v. Crystal, 25 Mo. 544; Railroad v. Richardson, 45 Mo. 466; Lee v. Railroad, 53 Mo. 178; Combs v. Smith, 78 Mo. 132; Daugherty v. Brown, 91 Mo. 26, 3 S. W. 210; Ruckert v. Railroad, 163 Mo. 260, 63 S. W. 814; Burgenstock v. Drainage Dis., 163 Mo. 198, 64 S. W. 149; Householder v. Kansas City, 83 Mo. 488; Railroad v. Knapp, Stout & Co., 160 Mo. 396, 61 S. W. 300; Hickman v. Kansas City, 120 Mo. 110, 25 S. W. 225.   (3) Defendant was liable for any damage resulting from its failure to prepare sufficient drainage, and a township or municipal corporation is liable in damages the same as individuals.   Benson v. Railroad, 78 Mo. 504; Jones v. Hannovan, 55 Mo. 462; Carson v. Springfield, 53 Mo. App. 289; McAskill v. Hancock, 55 L. R. A. 738.

*Faris & Oliver* for respondent.

There was no showing that the construction of the levee across Taylor bayou was the proximate cause of

this filling up, but on the contrary this filling up of this bayou was directly shown to have happened four years after the building of this levee and to have been caused by a catastrophe not pleaded by plaintiff and wholly beyond the control of the defendant. Therefore, under the pleadings and proof it was incumbent on plaintiff, after he admitted the incapacity of the bayou by reason of obstructions, to have shown that such obstruction was the proximate result of the defendant's negligence. Otherwise he cannot recover. Hicks v. Railway, 46 Mo. App. 309; 1 Sutherland on Damages, 23; Snelling v. McDonald, 14 Allen 292; Brown v. Railway, 20 Mo. App. 222; Clark v. Fairley, 24 Mo. App. 429; Christy v. Hughes, 24 Mo. App. 275.

GOODE, J.—This an action for damages for the flooding of plaintiff's land in the year 1903, the consequent destruction of fifteen acres of meadow and preventing plaintiff from cultivating one hundred and five acres of land which otherwise he would have cultivated. Plaintiff for many years has owned a farm in Pemiscot county on the shore of Half Moon lake. Prior to 1893, this lake was drained by Taylor bayou, a natural watercourse having well defined banks and emptying into the Mississippi river. In 1893, the defendant levee district, an incorporated body, constructed a levee to prevent the country from being overflowed by the Mississippi river, and in so doing built a solid earthen embankment across Taylor bayou which prevented the bayou from draining the lake. In 1903, high waters prevailed in that part of the country and Half Moon lake rose above its banks and overflowed the tillable land of the plaintiff's farm. It is alleged that the overflow was due to the damming up of the waters by the embankment built across Taylor bayou, and there was evidence to prove this was true.

Among other instructions the court told the jury that if they believed plaintiff's lands were subject to

overflow from the waters of the Mississippi river unless protected by the levee and there was, during the year 1903, an overflow from the Mississippi sufficient in volume to cover the lands of the plaintiff if they were not protected by the levee, and that said Mississippi overflow came so late in the season that plaintiff could not have cultivated his land in 1903, the verdict should be for the defendant. This instruction was altogether erroneous. It lost sight of the gravamen of the case, which is that the levee should have been so built as not to obstruct the draining of Half Moon lake and still have protected plaintiff's farm from the overflow of the Mississippi river. Plaintiff was one of the parties who was taxed for the levee and expected to be benefited by it. What benefit would he receive by being protected from the overflow waters of the Mississippi, if the levee was built so as to turn the overflow waters of Half Moon lake on his farm? The very gist of the case was that there should have been such a construction that the bayou would have continued to drain the lake. The petition avers the submergence of plaintiff's farm by the high water in the lake was caused by the negligent and improper construction of the levee. Though the Mississippi river would have overflowed plaintiff's farm that year had there been no levee, it does not follow that he should be denied a recovery on account of the improper construction of the levee.

The instruction under review is scarcely defended, but it is insisted that the verdict is so obviously for the right party that the judgment ought to be affirmed. The argument in support of this proposition is that the plaintiff, as well as other witnesses, testified that Taylor bayou, between Half Moon lake and the point where the levee crossed it, had become so filled with sand and debris that it would not have drained the lake even if the levee had been open across the bayou. But the plaintiff testified, and he was corroborated, that the

filling up of the bayou was due to the construction of the levee across it—that the solid embankment stopped the current of the waters of the bayou so that sand and mud accumulated between the embankment and the lake, choking the channel. If this was true, the failure of the bayou to drain Half Moon lake and the consequent overflow of plaintiff's land when the lake rose during the flood, were caused by closing the channel of the bayou with the levee. But it is said that this filling of the channel happened years before 1903 and, therefore, plaintiff had no right to recover for damages sustained that year. We would consider this argument if the Statute of Limitations had been interposed in defense of the action, but it was not. In disposing of the case as it is presented to us we must hold that prejudicial error was committed.

The judgment is reversed and the cause remanded. All concur.