DR. J. D. HAMMETT, Appellant, v. DR. O. F. HATTON, Respondent.

**Kansas City Court of Appeals, May 24, 1915.**

1. **EXECUTIONS, Motion to Quash: Judgments.** The plaintiff brought suit against defendant in a justice of the peace court, on a judgment alleged to have been rendered before another justice of the peace, November 16, 1894. Defendant was duly served and judgment was rendered on return day by default. A transcript was filed in the circuit clerk's office, and execution was issued and a levy made on certain property of the defendant. Defendant then filed a motion to quash the execution and levy on the ground that there was no valid judgment upon which execution and levy and advertisement thereunder made can be based, and that the execution was issued without authority of law and is irregular and void. The court sustained the motion and plaintiff appealed. *Held*, that defendant's attempt to make the motion to quash fulfill the functions of an appeal to the circuit court should not have been countenanced.

2. ———: ———. The defenses that the original judgment barred by limitations was merged in the circuit court judgment and that the latter judgment is conclusively presumed to have been paid, were waived when defendant made default in the justice court and stood by without taking an appeal until the judgment in that court had become a finality.

3. ———: **Validity: Jurisdiction.** The validity of a judgment cannot be impeached on a motion to quash an execution issued on it. Such a motion cannot be based on the ground of mere error or irregularity in the judgment. The jurisdiction not being questioned and the judgment not having been reversed, vacated, or set aside, such a motion would constitute a collateral attack upon it.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

REVERSED.

*A. R. Hammett* and *B. E. Cowherd* for appellant.

*Hamilton & Hizer* for respondent.

JOHNSON, J.—On. August 4, 1913, plaintiff brought suit against defendant before a justice of the peace of Randolph county upon a judgment alleged to have been rendered against defendant and in favor of plaintiff by another justice of the peace in that county on November 16, 1894. Summons was duly issued and served on defendant who failed to appear and judgment was rendered against him on the return day of the summons. The judgment recited:

"The justice finds from the docket of A. H. Beschor, a former justice of the peace of Randolph county, Missouri, that plaintiff obtained a judgment against the defendant on the 16th day of November, 1894, before said A. H. Beschor, while justice as aforesaid, for the sum of one hundred and 75-100 dollars, with costs taxed at $4.50, and is satisfied from the said docket, and from the evidence produced by the plaintiff that no part of the aforesaid judgment, interest or costs, has been paid to the plaintiff. The justice doth therefore adjudge that plaintiff have and recover of the defendant the full amount of said judgment, with interest and costs thereon, from the date thereof, found upon computation to be $218.60, together with his costs expended in this suit taxed at $3 for the justice and $1.10 for the constable."

A transcript of this judgment was issued and filed in the office of the circuit clerk and forthwith was entered on the judgment docket. Execution was issued by the clerk and levied by the sheriff upon certain real estate of defendant. Afterward defendant filed in the circuit court a motion to quash the execution and levy, on the ground that "there is no valid judgment upon which the execution was issued and the levy and advertisement thereunder made can be based and that the said execution was issued without authority of law and is irregular and void." The court heard this motion, sustained it, and rendered judgment quashing the execution. Plaintiff appealed.

It appears from the evidence heard on the motion to quash that the judgment pleaded as the foundation of plaintiff's cause of action was not rendered on November 16, 1894, as alleged in the petition, but on November 16, 1895, and that on January 9, 1902, this judgment was merged into a judgment recovered thereon by plaintiff against defendant in the circuit court of Randolph county. No payment on the latter judgment ever was entered of record and defendant contends that under section 1912, Revised Statutes 1909, it became barred by limitations January 9, 1912. This statute, which was enacted in 1895, before the rendition of the original judgment, provides that every judgment of any court of record shall be presumed to be paid and satisfied after the expiration of ten years from the date of its rendition or from the date of the last payment on such judgment entered upon the record thereof, "and no execution . . . shall issue thereon, nor. shall any suit be brought, had or maintained thereon for any purpose whatever."

If this were a direct proceeding in which defendant had attacked the judgment sued upon on the ground that it had become merged into the judgment subsequently rendered in the circuit court, and that the latter judgment under section 1912, Revised Statutes 1909, is conclusively presumed to have been paid, we would hold such affirmative defense to be well grounded in law and fact. But the difficulty of defendant's position lies in the fact that he has chosen to attack the last judgment rendered against him in the justice court in a collateral, instead of a direct proceeding. It is correctly said in 1 Black on Judgments (2 Ed.), sec. 253, that the validity of a judgment cannot be impeached on a motion to quash an execution issued on it. Such a motion cannot be based on the ground of mere error or irregularity in the judgment. The jurisdiction not being questioned and the judgment not having been reversed, vacated, or set aside, such a motion would

constitute a collateral attack upon it." [See, also, Merrick v. Merrick, 5 Mo. App. 123.]

If the record of the justice failed to show jurisdiction either of the person of defendant or of the subject-matter of the action on the former judgment pleaded, a collateral attack, such as the present, would lie against the judgment rendered by him, but the record shows affirmatively that he had obtained complete jurisdiction of the subject-matter as well as of the person of defendant. Certainly he had jurisdiction of the subject-matter of a cause of action founded upon the former judgment alleged to have been rendered in 1894, but which, in fact, was not rendered until a year later. The fact that the justice may have rendered judgment on insufficient proof, or without any proof of the alleged cause, not appearing on the face of the record could not constitute anything more than an irregularity or error which defendant might have corrected only in a direct proceeding. With jurisdiction in the justice over the parties and the cause, all issues which might have been raised by the defendant had he appeared and contested the action, became *res adjudicata* on his failure to take and prosecute an appeal from the justice's judgment to the circuit court, and he cannot be allowed to re-open such issues through the medium of a collateral attack on the judgment he has thus treated as a finality. As is aptly said in Merrick v. Merrick, supra:

"Where a judgment of a court which has jurisdiction of the subject-matter and of the parties is either erroneous or irregularly entered, but stands unreversed and unvacated, and with no attempt made to supersede, alter, or in any way reform it, it would seem clear, on principle, that an execution issued on it cannot be quashed on the ground of error or informality in the judgment. If the action of the court is presumptively valid, and error must be shown by a direct and appropriate proceeding, if no such error is shown,

it is difficult to see why the presumption does not become conclusive. It is no hardship that a defendant should be concluded by a judgment of which he has not complained; and a contrary holding, to the effect that upon a motion to quash the execution a defendant might attack the judgment for error or irregularity, would indefinitely extend the time allowed for that purpose and unreasonably protract litigation.''

The defenses now sought to be interposed for the first time in a collateral proceeding, i. e., that the original judgment was barred by limitations, was merged in the circuit court judgment, and that the latter judgment is conclusively presumed to have been paid, were waived when defendant made default in the justice court and stood by without taking an appeal until the judgment in that court had become a finality. [Stevenson v. Smith, 189 Mo. 447; Bader v. Levee District, 110 Mo. App. 599; Whiteside v. Magruder, 75 Mo. App. 364; Boyce v. Christy, 47 Mo. 70; Stiles v. Smith, 55 Mo. 363.]

If defendant finds himself in the predicament of not being allowed to offer valid defenses to the merits of the action, his own neglect to avail himself of his day in court is the sole cause of his deprivation. It was his duty to interpose his defenses at the proper time and place and, neglecting to do so, he has no cause to complain of errors or mere irregularities, or of the failure of the justice to anticipate or search for affirmative defenses which, if properly presented, would have defeated the action. His attempt to make the motion to quash perform the functions of an appeal to the circuit court should not have been countenanced.

The judgment is reversed. All concur.