HARVEY E. HAAS, Adm'r of the Estate of Paul J. Haas, Deceased, Plaintiff-Appellant, *v.* MID-AMERICA FIRE & MARINE INSURANCE COMPANY, *et al.*, Defendants-Appellees.

Third District No. 75-180

Opinion filed February 20, 1976.

Gates W. Clancy, of Geneva (William Phillips, of counsel), for appellant.

Johnson, Martin & Russell, of Princeton, and Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora (Daniel K. Russell and Peter K. Wilson, Jr., of counsel), for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Harvey E. Haas, as administrator of the estate of Paul J. Haas, deceased (hereinafter referred to as Haas), appeals from a judgment of the Circuit Court of La Salle County dismissing with prejudice the amended complaint filed by plaintiff, for failure to state a cause of action.

The action with which we are concerned results from an automobile accident on January 1, 1970, between automobiles driven by Rodney Parks and Paul Haas. The collision proved fatal to both drivers and to one of three passengers in the Haas vehicle. The other two passengers suffered injuries.

Plaintiff Haas, as representative of the estate of Paul Haas, filed a damage action against the Parks estate, and the Parks estate counterclaimed as against the Haas estate in the same action. Defendants in the cause before us, Mid-America Fire & Marine Insurance Company, a corporation, and Country Mutual Insurance Company, a corporation, are the respective insurers of the deceased drivers. Country Mutual insured the liability of plaintiff's decedent Haas and Mid-America was the insurer for the decedent Parks.

It appears from the amended complaint that an adjustor representing both insurers negotiated a settlement for the claims of the three passengers who were riding in the Haas car. Payments made by Mid-America, in settlement of claims totaled $17,500, out of the $20,000 available for each occurrence, as provided in Park's liability policy in the Mid-America Company.

Plaintiff alleges that he was unaware of the negotiations involved,

until the settlement was actually consummated, when he was advised that Mid-America offered him the remaining $2,500 of its policy limits in settlement of his claims against the Parks estate. The offer was refused and the case proceeded to trial. In that action, plaintiff recovered a judgment, resulting from a jury verdict, of $26,000. Mid-America tendered the $2,500 to the court as full payment of its obligations to Parks under the liability policy. Since plaintiff was unable to further satisfy the judgment which he had obtained, in view of the fact that the Parks estate had no assets other than the liability insurance proceeds, plaintiff then instituted the action now before us against both insurance companies to recover the balance of the judgment obtained against the Parks estate. Defendants both filed motions to dismiss in the trial court and such motions were allowed both as to the original complaint and as to the amended complaint for failure to state a cause of action. The dismissal of the amended complaint was made with prejudice. No proposed second amended complaint was presented to the court, nor, so far as the record shows, was an effort made at such time to amend in the trial court.

■■ In determining the sufficiency of the complaint, when a motion to dismiss for failure to state a cause of action is filed, we must accept as true all well-pleaded allegations and reasonable inferences therefrom. (*Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 547, 316 N.E.2d 516; *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 448, 286 N.E.2d 897; *Arlington Heights National Bank v. Village of Arlington Heights* (1965), 33 Ill. 2d 557, 561, 213 N.E.2d 264.) The amended complaint alleged that both Country Mutual and Mid-America are effectively one and the same entity, since they are owned and operated by the same people and employ the same personnel. For the purposes of this appeal, we are considering the issues as if there was a single insurer for both parties to the accident. Plaintiff alleges in the complaint, and contends on appeal, that defendants owed him a duty to deal fairly and in good faith with him, and that defendants breached such duty in a tortious manner by conducting negotiations and reaching a settlement with the other claimants without any notice to him, particularly since the settlement virtually exhausted the assets of the Parks estate, and thus deprived plaintiff of most of the benefit of his eventual judgment against the Parks estate.

While our attention has been directed to no Illinois cases in point, and we have found none, it is generally held in other jurisdictions that an insurer may settle with some claimants even if the settlement virtually or completely exhausts the available proceeds and even though another claimant, who subsequently obtains a judgment, is unable to

collect in full. 44 Am. Jur. 2d *Insurance* §1735 (1969); Annot., 70 A.L.R. 2d 416, §5 (1960); 8 Appleman, Insurance Law and Practice §4892 (1962); *Alford v. Textile Insurance Co.* (1958), 248 N.C. 224, 103 S.E.2d 8; *Castoreno v. Western Indemnity Co.* (1973), 213 Kan. 103, 515 P.2d 789. See also *Richard v. Southern Farm Bureau Casualty Insurance Company* (1969), 254 La. 429, 223 So. 2d 858, *aff'g* 212 So. 2d 471 (La. App. 1968).

The cases indicate a settlement of that type by the insurer with some of the claimants must be made in good faith and be reasonable. (See *Richard v. Southern Farm Bureau Casualty Insurance Co.*) At least in some specific instances, where the facts would justify such conclusion, a liability insurer may owe a duty of good faith to the various claimants, to the extent of notifying them, at a minimum, of the proposed settlement negotiations. On the basis of the amended complaint in this cause and the precedents on the issue, however, no such facts are alleged in the amended complaint before us. We cannot find that there is a breach of duty shown in the complaint and must conclude that the trial court properly granted the motions to dismiss.

■■ An insurance policy or contract, in common with other agreements, imposes duties and obligations, while it also confers rights and benefits on the contracting parties, the insurer and the insured. The primary duty of the insurer in a situation where claims are made against its insured, is to protect the interests of the insured and of the insurance company. The duty to the insured is demonstrated by numerous cases which find that a liability insurer may become liable to its insured for the excess amount of a judgment recovered over the policy limits, if it carelessly or negligently fails to settle a case within policy limits. *Smiley v. Manchester Insurance & Indemnity Co.* (2d Dist. 1973), 13 Ill. App. 3d 809, 812, 301 N.E.2d 19; *Yelm v. Country Mutual Insurance Co.* (3d Dist. 1970), 123 Ill. App. 2d 401, 403, 259 N.E.2d 88; *Wolfberg v. Prudence Mutual Casualty Co.* (1st Dist. 1968), 98 Ill. App. 2d 190, 194, 240 N.E.2d 176; *Cernocky v. Indemnity Insurance Co. of North America* (2d Dist. 1966), 69 Ill. App. 2d 196, 216 N.E. 2d 198.

We agree that a liability insurer should deal fairly with all claimants. This is particularly significant where the insurer is aware that the total amount of claims is considerably in excess of policy limits and the assets of the insured are limited to the policy proceeds. It is only for action showing bad faith on part of the insurer in making settlement on such conditions, however, that a recovery can be had.

■■ Generally, the insurer does not have a duty to initiate negotiations. (*Powell v. Prudence Mutual Casualty Co.* (1st Dist. 1967), 88 Ill. App. 2d 343, 347, 232 N.E.2d 155; *Oda v. Highway Insurance Co.* (1963),

44 Ill. App. 2d 235, 253, 194 N.E.2d 489.) Also, an insurance company in that position is not required to make a settlement offer, where the claimants make clear that they will not accept such offer (*General Casualty Co. v. Whipple* (7th Cir. 1964—applying Illinois law), 328 F.2d 353, 357), nor should the insurer be expected to make settlement proposals to a claimant when an insurer reasonably believes it has a good defense to the claim.

It appears from the complaint that plaintiff made no settlement overtures to Mid-America. Also, the history of the litigation, as recited in the amended complaint, demonstrates that there was a substantial question as to whether the Parks estate was liable to the plaintiff for the wrongful death of decedent, since the representatives of the estates of each driver were suing each other for damages on negligence theories. The outcome was not finally resolved until the jury returned a verdict for plaintiff against the Parks estate, and against the Parks estate on its counterclaim.

Under the facts as recited in the complaint and based on the precedents to which we have referred, we must conclude that Mid-America was not under a duty to advise plaintiff of the settlement negotiations with other claimants since, absent any offer by plaintiff, it could reasonably conclude that it might have a good defense to plaintiff's claim.

It is pointed out that in the instant case, the only persons who were reasonably certain to obtain a recovery were the passenger claimants with whom Mid-America settled. As defendants point out, if the passengers were considered guests of Paul Haas, then recovery by them against Parks would not be predicated on lack of Haas contributory negligence, but only on proof of Parks' negligence. The passenger claims, therefore, were much more likely to result in judgment as against the Parks estate than would the claim of plaintiff, or so the insurer could reasonably conclude. The insurer would thus be carrying out its duty to both the insured Parks estate and to the passenger claimants by settling in good faith and for a reasonable amount within the confines of the policy limits.

No factual allegations are given to support the contention of bad faith on the part of defendants. Only the fact that settlements had been made with two passenger claimants and the estate of the other passenger claimant is alleged. The only other unusual fact situation is that Mid-America and plaintiff's insurance company are considered as if it is one company. That fact, however, does not give rise to an inference of bad faith. There was only one policy covering the liability of Parks and the maximum public liability coverage for one incident in that policy was $20,000.

As we have indicated, the factual allegations in the complaint were not sufficient to support a cause of action as against defendants on the charge of bad faith toward plaintiff and an alleged breach of duty owed to plaintiff as a claimant. A pleader must allege facts, rather than conclusions, to support a cause of action. *Darling v. Charleston Community Memorial Hospital* (4th Dist. 1964), 50 Ill. App. 2d 253, 310, 200 N.E.2d 149; *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723.

■■ We, therefore, conclude that the trial court did not err in granting defendant's motions to dismiss. Similarly, on the basis of the action of the trial court in the record before us, we do not believe that the court's determination to dismiss with prejudice, following plaintiff's second unsuccessful attempt to state a cause of action, was an abuse of discretion. No proposed second amended complaint, which might have stated a cause of action, was presented to the trial court, nor was any attempt made to amend in such manner as to factually establish a cause of action.

For the reasons stated, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.