Lawrence F. CONNER,
Plaintiff-Appellant,

v.

CRAWFORD COUNTY,
Defendant-Respondent.

No. 11061.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 9, 1979.

Michael J. Pitzer, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for plaintiff-appellant.

Eugene B. Overhoff, Cuba, for defendant-respondent.

BILLINGS, Presiding Judge.

Plaintiff Lawrence F. Conner's petition for damages for defendant Crawford County's alleged negligent maintenance of a county road in 1975 was dismissed by the trial court because of defendant's sovereign immunity from tort liability. We affirm.

Plaintiff filed suit in 1975 and defendant filed its motion to dismiss, contending plaintiff's petition failed to state a cause of action because of the doctrine of sovereign immunity. Thereafter, and while the motion to dismiss was pending, our Supreme Court decided *Jones v. State Highway Com-*

*mission*, 557 S.W.2d 225 (Mo. banc 1977), and three companion cases [1] and ruled the doctrine of sovereign immunity was abolished *prospectively*, except as to the four cases decided that day, "as to all claims arising on or after August 15, 1978".

Defendant's motion to dismiss was ruled in early 1978 after plaintiff unsuccessfully argued that *Jones* should be applied retroactively and a failure to do so would deny him equal protection of the law and deny him due process under the Missouri Constitution and the United States Constitution. Plaintiff sought review of the trial court's ruling by our Supreme Court by taking his appeal there but that Court, by order transferred the appeal here "in which jurisdiction is vested."

Here, plaintiff urges this Court to apply *Jones* retroactively and says that a failure to do so will result in denying him his constitutional rights. He argues that the tortious conduct in *Jones* occurred in 1972 and by our Supreme Court's abrogation of sovereign immunity as to *Jones* and the three plaintiffs in the companion cases, the Court bestowed substantive rights on *Jones* and the other three plaintiffs and to with-

hold the same substantive right from him results in "a clear unequal application of the law and a denial of the right of due process and equal protection of the law as guaranteed by the Constitution."

We are bound by the decisions of our Supreme Court and it is our duty to follow and apply its decisions. The alleged negligence for which plaintiff sought recovery against Crawford County occurred in 1975. "The doctrine of sovereign immunity is live and viable as to plaintiff's claim and the trial court correctly dismissed [the] petition." *Hannon v. Pulaski County Memorial Hospital*, 560 S.W.2d 615 (Mo.App.1978).

The judgment is affirmed.

All concur.

---

1. *Wheeler v. St. Clair County Hosp. Dist. No. 1*, 557 S.W.2d 233 (Mo. banc 1977); *State ex rel. Racer v. Richardson*, 557 S.W.2d 235 (Mo. banc 1977); *Prewitt v. Parkway School District*, 557 S.W.2d 232 (Mo. banc 1977).

§§ 537.600–537.650, RSMo 1978, provide for conditions of sovereign immunity and modify the effect of *Jones v. State Highway Commission, supra*, particularly to the State and its political subdivisions having insurance coverage.