**Rozlynn Jo FOWLER, Appellant,**

v.

**The BOARD OF REGENTS FOR the CENTRAL MISSOURI STATE UNIVERSITY, Respondent.**

**No. WD 32771.**

Missouri Court of Appeals,
Western District.

July 20, 1982.

Gayle L. Troutwine, Independence, for appellant.

Hibberd V. B. Kline, III, Warrensburg, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Plaintiff's suit for damages against the regents of Central Missouri State University for personal injuries was dismissed on motion for failure to state a claim on which relief could be granted. The dismissal is affirmed.

Plaintiff's petition was in two counts, both alleging injury suffered when plaintiff fell because of a hole in the sidewalk. That walkway, it was alleged, was provided for pedestrians using a parking lot maintained by the university at its campus in Warrensburg. In the first count, based on tort, plaintiff contended the university had negligently failed to maintain the sidewalk in a reasonably safe condition. In her second count, based on contract, plaintiff alleged that by accepting her tuition and admission as a student, the university had contracted with her to provide safe premises on the campus and failure to maintain the sidewalk was a breach of that contract entitling her to damages.

The motion of the university to dismiss the petition was based on the doctrine of sovereign immunity. As to the first count, plaintiff contends the maintenance of a sidewalk is a proprietary function to which governmental immunity does not attach. She further argues that even if the university is immunized from tort liability, that doctrine does not apply to a suit in contract, the basis for her second count.

■ It is first necessary to observe that plaintiff's injury occurred October 14, 1977. Any case involving sovereign immunity arising in this time period requires mention of *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977) in which the doctrine of sovereign immunity was abrogated. Except for the *Jones* case itself and three other cases decided contemporaneously, the effect of the decision was announced to be prospectively operative and applicable only to claims arising on or after August 15, 1978. Plaintiff's claim is therefore to be evaluated under the law as it existed prior to *Jones* and the general change in the doctrine which that decision accomplished. *Spearman v. University City Public School District*, 617 S.W.2d 68, 69 (Mo. banc 1981).[1]

Recognizing that sovereign immunity was a viable doctrine before *Jones*, which generally insulated governmental and public bodies from tort liability, plaintiff here argues that the doctrine was applicable only to governmental functions. She asserts, and her petition alleges, that maintenance of sidewalks and parking lots on the campus is a proprietary function of the university to which the defense of sovereign immunity does not apply.

■ It is correct that some functions performed by school districts may be considered proprietary and that suits arising therefrom will not be barred by sovereign immunity. *State ex rel. Allen v. Barker*, 581 S.W.2d 818 (Mo. banc 1979); *Allen v. Salina Broadcasting, Inc.*, 630 S.W.2d 225 (Mo.App.1982); *Johnson v. Carthell*, 631 S.W.2d 923 (Mo.App.1982). Construction, maintenance and repair of school buildings, facilities and grounds are, however, expressly held to be governmental functions to which sovereign immunity applies, absent liability otherwise imposed by statute. *Rennie v. Belleview School District*, 521 S.W.2d 423 (Mo. banc 1975); *Todd v. Curators of University of Missouri*, 347 Mo. 460, 147 S.W.2d 1063 (1941).

The trial court did not err in dismissing plaintiff's suit as to Count I on its pleaded theory of tort liability for negligent maintenance of the sidewalk.

1. After *Jones*, the legislature enacted § 537.-600, RSMo 1978 reinstating sovereign immunity but with certain exceptions including negligent acts or omissions associated with the condition of a public entity's premises. Even were the statute to be conceded as applicable to defendant and the sidewalk on which plaintiff fell, it too was prospectively applicable to claims arising after August 13, 1978 and is of no avail to plaintiff. *Christophel v. Parkway School District*, 600 S.W.2d 61 (Mo.App.1980).

As to Count II, plaintiff asserts that sovereign immunity plays no part and that she has simply pleaded a cause of action for breach of contract. Assuming for purposes of the motion the truth of all facts well pleaded, plaintiff argues that a viable breach of contract suit has been stated.

While the attempt to avoid sovereign immunity by recourse to the contract theory is ingenious, the substance of the claim remains the same. If, as concluded above, the university was immune from tort liability for failure to maintain the sidewalk, the contract theory merely asserts that the university has waived sovereign immunity as to students by contracting with them for educational services. The question is whether such a construction may be placed on the event of student enrollment and whether the university is empowered, even assuming that effect, to contract away sovereign immunity.

Assuming for the purpose of the question that acceptance of a student's application for enrollment and payment of tuition implies a contractual undertaking to provide safe premises for the student and that the university has thereby undertaken by contract an obligation for which it would otherwise enjoy immunity from liability for negligent performance or non-performance, the cause of action nonetheless fails. The sovereign immunity of the state and its entities may be waived only by the legislature, not by officers, agents or employees of the state. *State ex rel. Eagleton v. Hall*, 389 S.W.2d 798, 801 (Mo. banc 1965). To the extent that the contract with plaintiff as a student may be construed as obligating the university to respond in damages for the injury, the contract is void because beyond the capacity and authority of any officer or employee of the university.

Neither theory advocated by plaintiff overcomes the immunity available to the university before 1978 and the trial court correctly ruled that the petition stated no cause of action.

The judgment is affirmed.

All concur.