Jessica **SANCHEZ**, et al., **Appellant,**

v.

**MISSOURI DIVISION OF YOUTH SERVICES, Respondent.**

No. 47465.

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

Laurence F. Alter, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Nancie D. Aulgur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Plaintiff, by and through her next friend, brought an action against defendant agency for personal injuries she received while on defendant's premises. Plaintiff was sixteen months old when a sign fell from defendant's building and fractured her skull. The trial court granted defendant's motion to dismiss plaintiff's petition for failure to state a claim upon which relief could be granted. We affirm.

■ Plaintiff did not, and apparently in good faith could not, allege defendant possessed liability insurance. In order for a public entity to waive sovereign immunity under §§ 537.600 and 537.610, RSMo 1978, it must have purchased liability insurance or be self-insured. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864 (Mo. banc 1983); *McConnell v. St. Louis County,* 655 S.W.2d 654, 656–57 (Mo.App. banc 1983).

■ Plaintiff urges expansion of the nebulous governmental/proprietary distinction from its application to municipalities and school districts to other public entities. This contention has been rejected in the *McConnell* decision, *supra.* Plaintiff's right to recover for her injuries is governed by §§ 537.600 and 537.610. Those statutes require the existence of liability insurance for the waiver of sovereign immunity to be effective. Since the present defendant lacks such coverage, it remains immune from plaintiff's claim for relief. Thus, the trial court properly dismissed plaintiff's petition.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.