Jeffrey Scott DELMAIN, b/n/f Cheryl
Delmain, and Cheryl Delmain, and
Robert Delmain, Appellants,

v.

MERAMEC VALLEY R–III SCHOOL
DISTRICT, Respondent.

No. 47713.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1984.

Robert B. Satchell, Union, for appellants.

James W. Childress, Holtkamp, Beckemeier, Liese & Hummel, John Joseph Hummel, St. Louis, for respondent.

CRIST, Presiding Judge.

Plaintiffs filed a negligence action against defendant school district. School district moved to dismiss the petition for three reasons: the petition failed to state a claim for relief; school district is immune from any such action due to its sovereignty; and plaintiffs' theories for relief did not fall within any exception to the rule of sovereign immunity. The trial court granted school district's motion for the reasons stated therein. We reverse and remand.

The trial court's dismissal of an action will be sustained on appeal if any ground supports the motion, regardless of whether the trial court relied on that ground. *J.M. Morris Construction Co. v. Mid-West Precote Co.*, 613 S.W.2d 180 (Mo. App.1981). The petition is read by according its allegations every reasonable and fair intendment. If the averments state a claim calling for the invocation of substantive law principles entitling plaintiff to relief, the petition should not be dismissed. *Johnson v. Carthell*, 631 S.W.2d 923, 926 (Mo.App.1982).

Plaintiffs' petition included the following: (1) school district owned property, including a band saw; (2) the band saw was in a dangerous condition which caused plaintiffs' injuries; (3) the dangerous condition of the band saw was created by the negligence of school district or one of its employees in the course of his employment, or, school district had sufficient knowledge of the band saw's dangerous condition prior to the injury to allow it to take steps to protect plaintiffs; (4) the dangerous condition of the band saw created an unreasonable and foreseeable risk of harm of the kind of injury sustained. Plaintiff further alleged school district possessed appropriate liability insurance. *See Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864 (Mo. banc 1983).

A negligence petition must allege "(1) existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure." *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976). The petition, taken as a whole, alleges facts sufficient to overcome a motion to dismiss for failure to state a claim upon which relief can be granted.

School district admits the crux of the present appeal concerns the issue of sovereign immunity. Following the abolition of this doctrine in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977), the Missouri Legislature responded by enacting §§ 537.600 *et seq.*, RSMo 1978.

Section 537.600 reinstated sovereign tort immunity as it existed at common law in this state prior to September 12, 1977, the date of the *Jones* opinion. As of that date, school districts were treated as political subdivisions of the state fully cloaked by the immunity doctrine for their tortious acts. *Rennie v. Belleview School District*, 521 S.W.2d 423 (Mo. banc 1975); *Smith v. Consolidated School District No. 2*, 408 S.W.2d 50 (Mo. banc 1966). Municipalities, however, lost the protection of sovereign immunity for torts committed in their "proprietary" capacity but retained immunity from torts committed in their "governmental" capacity. *Wood v. County of Jackson*, 463 S.W.2d 834 (Mo.1971); *Payne v. County of Jackson*, 484 S.W.2d 483 (Mo.1972); *Coleman v. McNary*, 549 S.W.2d 568 (Mo. App.1977).

Although before the *Jones* opinion school districts possessed immunity from their torts, the Missouri Supreme Court held that after the passage of §§ 537.600—537.-610, school districts were subject to the same governmental/proprietary distinction as had been applied to municipalities. *State ex rel. Allen v. Barker*, 581 S.W.2d 818 (Mo. banc 1979). Cases following this decision include *Allen v. Salina Broadcasting, Inc.*, 630 S.W.2d 225 (Mo.App. 1982); *Johnson v. Carthell*, 631 S.W.2d 923 (Mo.App.1982); *Fowler v. Board of Regents*, 637 S.W.2d 352 (Mo.App.1982).

 School district in the present case points to the absence of an allegation in plaintiffs' petition that school district was functioning in a proprietary capacity as a reason to dismiss the petition. We disagree. The governmental/proprietary distinction constitutes a common law exception to the general rule of sovereign immunity. *State ex rel. Allen v. Barker, supra; McConnell v. St. Louis Co.*, 655 S.W.2d 654, 656 (Mo.App. banc 1983). Section 537.-600 reinstated this common law doctrine and created two further situations in which sovereign immunity is waived: (1) when motor vehicles are negligently operated; and (2) when negligence causes the property of a public entity to become a dangerous condition. Plaintiffs' allegations brought them within the exception to sovereign immunity defined in § 537.600(2). Therefore plaintiffs did not need to allege facts bringing them within the common law exception when the petition comes under the specific statutory exception.

School district asserts the reference to a dangerous condition of property in § 537.600(2) refers only to real property and not personal property. Section 537.-600(2) does not specify a particular meaning for the term property. When used by the legislature in enacting statutes, "property" includes both real and personal property. Section 1.020(11), RSMo 1978. We find nothing repugnant to this meaning of the term property in the context of § 537.-600(2).

Since plaintiffs' allegations bring them within the exception to sovereign immunity in § 537.600(2) and their petition states a claim upon which relief can be granted, they should have an opportunity to prove school district's negligence within the confines of §§ 537.600 and 537.610.

Reversed and remanded.

PUDLOWSKI and SIMON, JJ., concur.