Dear Mr. O'Hara:
This letter is in response to your question asking:
 Whether the Director of Youth Services, of the Department of Social Services, has authority to make payments to private individuals for damage caused by youth under custody of the Division of Youth Services and if so, whether that payment would establish the State's liability for future similar incidents.
Generally, tort claims against the State of Missouri are barred by the sovereign immunity statute. Section 537.600, RSMo 1978. Exceptions or waivers of sovereign immunity may only be made by the General Assembly, not by officers, agents or employees of the State of Missouri, e.g., the Director of Youth Services.Fowler v. Board of Regents for Central Missouri State University,637 S.W.2d 352, 354 (Mo.App., W.D. 1982). Assuming that the injured party's claim does not come within an express statutory exception to or waiver of sovereign immunity, such claim is barred and the State of Missouri has no legal obligation to pay such.
In our earlier opinions, we concluded that gratuitous payments to injured parties constituted a prohibited grant for purposes of Missouri Constitution, Article III, Section 38(a).See Opinion No. 63, Speer, 1966; Opinion Letter No. 355, Walsh, 1965; Opinion Letter No. 153, Keane, 1965; and Opinion No. 98, Witte, 1951, copies enclosed.
More recently, we concluded that payments for the purpose of crime victim compensation serve a public purpose and such payments can be provided for in generally applicable legislation. Opinion No. 60, Cairns, 1981, copy enclosed. We find no such general legislation authorizing the Director of Youth Services to grant public moneys to persons injured by people in the custody of the Division or declaring such payments to be for a public purpose; to the contrary, the sovereign immunity statute, Section 537.600, RSMo 1978, evidences a public policy of not paying such claims.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 63, Speer, 1966 Opinion Letter No. 355, Walsh, 1965 Opinion Letter No. 153, Keane, 1965 Opinion No. 98, Witte, 1951 Opinion No. 60, Cairns, 1981