**Robert KAPLAN, Appellant,**

v.

**CENTERRE TRUST COMPANY OF ST. LOUIS, Personal Representative of the Estate of Charles Kahn, Deceased, Respondent.**

**No. 52676.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 1987.

Alan E. Popkin, Clayton, for appellant.

James W. Whitney, St. Louis, for respondent.

CRIST, Judge.

Robert Kaplan (plaintiff) appeals an order of the Probate Division of the Circuit Court of St. Louis County, Missouri, dismissing his petition seeking specific performance of a contract for the purchase of real estate from the Estate of Charles Kahn, deceased (estate), or in the alternative, damages for breach of contract. We affirm.

On April 9, 1986, plaintiff contracted with Centerre Trust Company of St. Louis (Centerre), personal representative of estate, to purchase real property belonging to estate. Paragraph (d) of the addendum to the contract stated: "Purchaser acknowledges that the seller has not yet obtained the requisit [sic] court approval to sell the property; however, seller agrees to use its best effort to obtain those approvals within a reasonable period of time."

Centerre filed the Report of Sale required by § 473.513.1, RSMo 1986, on April 16, 1986. Within ten days, Centerre noti-

fied the Probate Court a higher offer would be submitted. On May 2, 1986, plaintiff brought suit in the circuit court seeking specific performance of the contract, or in the alternative, damages. May 7, 1986, Centerre filed a second Report of Sale, this time for $25,000 more, in favor of Creative Dining Division of General Mills Restaurant Group, Inc. (General Mills). Plaintiff filed his Statement of Objections to the sale pursuant to § 473.513.2, RSMo 1986, on May 15, 1986. On June 6, 1986, the Probate Court approved the sale to General Mills and disapproved the sale to plaintiff.

Centerre moved to dismiss the contract action July 17, 1986, and on August 8, 1986, the court transferred the matter to the Probate Division on its own motion. December 18, 1986, the Probate Division sustained Centerre's motion to dismiss on the grounds that:

> [T]he court never approved the sale of certain real estate, the subject matter of the action, to plaintiff Robert Kaplan, and the personal representative as such had no authority binding against probate assets to enter into the contract which plaintiff seeks to enforce in this action whereby the personal representative purported to agree as such to endeavor to obtain approval of a bid by plaintiff to purchase said property to the exclusion of subsequent higher bids.

This appeal followed.

The trial court's dismissal will be sustained on appeal if any ground supports the motion. *Delmain v. Meramec Valley R–III School Dist.*, 671 S.W.2d 415, 416[1] (Mo.App.1984). The petition is read to give its allegations every reasonable intendment, and if it states "a claim calling for the invocation of substantive law principles entitling plaintiff to relief, the petition should not be dismissed." *Id.* [2].

The caption of the petition shows plaintiff sued "Centerre Trust Company of St. Louis, Personal Representative of the Estate of Charles Kahn, Deceased." In Count I (specific performance count) Kaplan alleged:

> COMES NOW plaintiff Robert Kaplan and for Count I of his cause of action against Centerre Trust Company of St. Louis, Personal Representative of the Estate of Charles Kahn, Deceased (hereinafter called 'Centerre').…

Thereafter, plaintiff alleged ownership of the land by the devisees under decedent's will; a purchase contract by plaintiff to purchase the real estate from Centerre, as Personal Representative of the Estate; a promise by Centerre "to use its best efforts" to obtain requisite court approval to sell the property and file the requisite report of the sale with the Probate Court; and a breach of the contract in that Centerre did not use its best efforts to obtain requisite court approval, but instructed the Probate Court to withhold approval of the report of sale to plaintiff.

Plaintiff asked the court to grant specific performance of Centerre's promise by requiring Centerre to ask the probate Court to approve the report of sale to plaintiff; perform its obligations pursuant to the contract, and close the sale of the property. Plaintiff further requested Centerre pay the costs of this action, including a reasonable attorney's fee.

In Count II, plaintiff incorporated by reference the allegations in Count I and requested the court order Centerre to pay plaintiff monetary damages plus costs and a reasonable attorney's fee.

■ We first note that "[i]n order to obtain a binding judgment against a defendant in his individual capacity … he must be sued in his individual capacity." *Barnett v. Schumacher*, 453 S.W.2d 934, 937 (Mo.1970). Plaintiff's petition sought judgment only against Centerre in its capacity as Personal Representative of estate; therefore, relief against Centerre, personally, is not now available. Thus the real question is whether plaintiff's petition stated a valid claim against estate.

■ Plaintiff's petition states no facts which would show Centerre failed "to use its best efforts" to obtain court approval of the sale. It is clear from the petition Cen-

terre did everything the statutes require to have the sale approved.

The problem was the Probate Court did not approve the sale, but instead approved a sale to General Mills for a higher price pursuant to their duty under § 473.513.3, RSMo 1986. Thus, as a matter of law, Centerre did what it was required to do, and plaintiff's petition stated no claim which entitled it to relief.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.