CLARENCE TODD, Appellant, v. THE CURATORS OF THE UNIVERSITY OF MISSOURI, a Corporation.—147 S. W. (2d) 1063.

Division One, February 14, 1941.

E. E. Hairgrove, North T. Gentry and George F. Hollis for appellant.

462

*Lee-Carl Overstreet* for respondent.

CLARK, J.—Plaintiff sued to recover for personal injuries alleging: that defendant is a corporation, created by law as an educational institution, with power to contract and sue and be sued; that it conducts the State University and has control of the campus and buildings thereon; that it employed plaintiff to make certain repairs on one of said buildings; that under the law it was the duty of defendant to furnish plaintiff a safe place to work; that defendant negligently furnished plaintiff an insecure scaffold (described) upon which to work; that said scaffold fell with plaintiff and he suffered certain injuries.

Defendant filed a demurrer stating "that it appears upon the face of plaintiff's amended petition that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant, Curators of the University of Missouri."

The court sustained the demurrer and plaintiff has appealed.

Appellant cites our statute and certain decisions on the allegations required to properly charge negligence in providing a defective scaffold. It is unnecessary to discuss them. This case must turn upon one point, to-wit: may this defendant be sued in tort for negligence; if not, does the demurrer properly raise this objection?

There is no doubt that this defendant has the right to sue and is liable to be sued in some kinds of action. That right and that liability are expressly provided by statute and said defendant has frequently sued and been sued in the courts of this State. Appellant cites a number of such cases, but none of them discusses the liability of this corporation to be sued for negligence. The cases cited by appellant on this branch of the case, with two exceptions, fall under the following classes; mandamus, injunction, suits on contract or to construe wills. The two exceptions are: Niedermeyer v. Curators, 61 Mo. App. 654, and Babb v. Curators, 40 Mo. App. 173. The Niedermeyer case seems to have been a suit for money had and received to recover alleged excess in tuition fees paid under protest. The Babb case was a suit for damages for discharge of sewage on plaintiff's land. The only issues discussed or decided were in reference to evidence or instructions.

The defendant, The Curators of the University of Missouri, is a public corporation. [Section 10783, Revised Statutes Missouri 1939 (Mo. Stat. Ann., sec. 9626, p. 7330); Head v. Curators, 47 Mo. 220; Harris v. Wm. R. Compton Bond & Mortgage Co., 244 Mo. 664, l. c. 691, 149 S. W. 603; State v. Long, 278 Mo. 379, l. c. 384, 213 S. W. 436.]

Our Constitution recognizes higher education as a governmental function and vests the government of the State University in a Board of Curators under the control of the State. [Mo. Const., Art. XI, Sec. 5.]

In Head v. The Curators of the University of Missouri, 47 Mo. 220, on page 224, this court said: "The university is clearly a public institution, and not a private corporation. . . . The State established an institution of its own, and provided for its control and government, through its own agents and appointees." Again, on page 225; ". . . By establishing the university the State created an agency of its own, through which it proposed to accomplish certain educational objects. In fine, it created a public corporation for educational purposes—a State University."

In the absence of express statutory provision, a public corporation or quasi corporation, performing governmental functions, is not liable in a suit for negligence. [Cochran v. Wilson, 287 Mo. 210, 229 S. W. 1050; Dick v. Board of Education (Mo.), 238 S. W. 1073; Krueger v. Board of Education, 310 Mo. 239, 274 S. W. 811, 40 A. L. R. 1086; Robinson v. Washtenaw, Circuit Judge, 228 Mich. 225, 199 N. W. 618; Reardon v. St. Louis County, 36 Mo. 555; Clark v. Adair

County, 79 Mo. 536; Moxley v. Pike County, 276 Mo. 449, 208 S. W. 246; Lamar v. Bolivar Special Road District (Mo.), 201 S. W. 890; State ex rel. v. Allen, 298 Mo. 448, 250 S. W. 905; Zoll v. St. Louis County, 343 Mo. 1031, 124 S. W. (2d) 1168; Bush v. State Highway Commission, 329 Mo. 843, 46 S. W. (2d) 854; Broyles v. State Highway Commission (Mo. App.), 48 S. W. (2d) 78; Arnold v. Worth County Drainage District, 209 Mo. App. 220, 234 S. W. 349; D'Arcourt v. Little River Drainage Dist., 212 Mo. App. 610, 245 S. W. 394.]

A statutory provision that such a public corporation "may sue and be sued" does not authorize a suit against it for negligence. ". . . But the waiver by the State for itself or its officers or agents of immunity from an action is one thing. Waiver of immunity from liability for the torts of the officers or agents of the State is quite another thing." [Bush v. Highway Commission, 329 Mo. 843, l. c. 849, 46 S. W. (2d) 854. See also Hill-Behan Lumber Co. v. State Highway Commission, 347 Mo. 671, 148 S. W. (2d) 499, and cases cited, supra.]

The cases heretofore cited are mainly based upon the principle that a public corporation, performing governmental functions, is an agency or arm of the State and entitled to the same immunity as the State itself, in the absence of express statutory provision to the contrary. Another reason for immunity of public educational institutions, not organized for profit, from suits for negligence rests upon the public policy which has existed in this State from its beginning. The funds of the State University, whether raised by taxation, endowments or tuition fees, are dedicated to the beneficient purpose of education. It has no funds, nor means of raising funds, for the purpose of paying damages for tort nor is its property subject to execution for such purpose. Courts should maintain such public policy unless and until it be changed by positive legislative enactment. [Cochran v. Wilson, 287 Mo. 210, l. c. 226, 227, 229 S. W. 1050; Dick v. Board of Education (Mo.), 238 S. W. 1073; Meadow Park Land Co. v. School District, 301 Mo. 688, 257 S. W. 441, 31 A. L. R. 343; Nicholas v. Evangelical Deaconess Home, 281 Mo. 182, 219 S. W. 643.]

We hold that the demurrer interposed by the defendant properly raised the defense of its immunity from the alleged cause of action stated in the petition. On its face, the petition shows the nature of defendant as a public educational corporation and seeks to recover damages for its alleged negligence.

The judgment is affirmed. All concur.