Sherman L. STRONG and Betty J. Strong, Appellants,

v.

The CURATORS OF the UNIVERSITY OF MISSOURI et al., Respondents.

No. 39744.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied Feb. 13, 1979.

M. Barry Forman, Forriss D. Elliott & Assoc., Inc., St. Louis, for appellants.

Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, for respondents.

GUNN, Judge.

On June 14, 1976, decedent, a 6 year old boy, drowned in a swimming pool owned and operated by the University of Missouri at St. Louis. Decedent's parents, as plaintiffs, brought suit in negligence against defendant Curators of the University of Missouri.[1] The Curators filed a motion to dismiss plaintiffs' petition based on the doctrine of sovereign immunity. The trial court sustained the Curators' motion and dismissed plaintiffs' petition as to them. We affirm.

*Todd v. Curators of University of Missouri,* 347 Mo. 460, 147 S.W.2d 1063 (1941), surrounds the defendant Curators with the protective aegus of the doctrine of sovereign immunity. *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977), abrogated the doctrine prospectively from August 15, 1978 except for *Jones* and those certain cases considering the issue decided on the same date as *Jones.*[2] Inasmuch as plaintiffs' claim arose on June 14, 1976, the defendant Curators are protected

---

1. The City of Northwoods and its park board were also joined as parties defendant as sponsors of the recreational program in which the decedent was participating at the time of his death. Neither Northwoods nor its park board is involved in this appeal.

2. *Prewitt v. Parkway School District,* 557 S.W.2d 232 (Mo. banc 1977); *Wheeler v. St. Clair County Hosp. Dist. No. 1,* 557 S.W.2d 233 (Mo. banc 1977); *State ex rel. Racer v. Richardson,* 557 S.W.2d 235 (Mo. banc 1977).

from the claim by reason of the doctrine and *Jones.*

 Plaintiffs have raised the point that inasmuch as the University of Missouri has insurance coverage, there is no need to apply the doctrine's repealer prospectively; that by the fact that the Curators have provided insurance coverage, they have, in effect, waived the doctrine to the extent of the coverage. In support of their position, plaintiffs refer specifically to the following language in *Jones:*

"In order that an orderly transition be made, that adequate financial planning take place, that governmental units have time to adjust their practices and that the legislature be afforded an opportunity to consider the subject in general, the doctrine is abrogated prospectively as to all claims arising on or after August 15, 1978 . . .." *Jones v. State Highway Commission,* id. at 231.

Plaintiffs argue that the purpose of the prospective application of the doctrine's abrogation has already been met as the Curators have insurance. Consequently, so plaintiffs claim, no added time is necessary for an orderly transition of financial planning as this has already been accomplished through the insurance coverage. But *Jones* is not so conditioned as to make its prospective application inapplicable to those blanketed by the doctrine who incidentally carry insurance. No distinction is made in *Jones* as to those agencies with or without insurance. The language in *Jones* is explicit that the doctrine of sovereign immunity is to be effective to August 15, 1978, and there is no provision for lifting its protective veil simply because the agency has insurance.[3] We are, of course, bound by the Supreme Court's decision in *Jones.* Mo. Const.Art. V, § 2.

Section 71.185 RSMo 1969 allows recovery against municipalities to the extent of liability insurance coverage. But there is no contention made here that the University of

Missouri is a municipality. Hence, § 71.185 is not applicable or helpful to plaintiffs.

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

3. Sections 537.600–537.650, 1978 Mo.Legis. Serv., effective August 13, 1978, provide for conditions of sovereign immunity and substantially modify the effect of *Jones v. State High-* *way Commission,* supra, particularly to the State and its political subdivisions having insurance coverage.