Erroll THIELECKE, et al., Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

No. 79–1452C(2).

United States District Court, E. D. Missouri, E. D.

June 30, 1980.

Stephen H. Gilmore and Robert A. Crowe, St. Louis, Mo., for plaintiffs.

Donald U. Beimdiek, Thomas E. Wack, Thomas B. Weaver, St. Louis, Mo., for Conservation Comm. State of Missouri, et al.

Jackson A. Wright, James S. Newberry, Ted D. Ayres and Robert L. Ross, Columbia, Mo., for Curators, U. of Missouri, et al.

Anne T. Shapleigh, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for United States of America.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on defendants' motions to dismiss. Plaintiffs brought this suit pursuant to 28 U.S.C. §§ 2409a, 1331(a), and 1346 to quiet title, set aside deeds, and define the rights of themselves and all others similarly situated in certain real estate.

According to the allegations of the complaint, which must be taken as true on these motions to dismiss, plaintiffs' predecessors in title were formerly the owners in fee simple of certain lands in Saint Charles County, Missouri. These lands were appropriated by defendant United States in 1940 and 1941 by purchase and condemnation, for use in defense related activities in connection with World War II. After the termination of hostilities, these lands were declared surplus and sold in 1948 to defendant Curators of the University of Missouri (the University), pursuant to the Surplus Property Act of 1944 (58 Stat. 777) (the Act), and the regulations promulgated thereunder. The University subsequently sold the lands to the defendant Conservation Commission of the State of Missouri (the Commission), which presently holds title to the lands.

Plaintiffs' present claim is based upon the assertion that the sale to the University was in violation of the priority provisions of the Act, and that the lands should have been offered for repurchase by plaintiffs' predecessors in interest. Defendants raise numerous arguments as to why this case should be dismissed, but it is necessary at this time to deal with only one. It is likewise unnecessary to go more fully into the underlying facts. For it is the opinion of this Court that plaintiffs misinterpret the priority provisions of the Act and that the University was correctly given priority over former owners in the disposition of the lands by the government.

According to the provisions of the Act, upon a determination that property held by the government was surplus, disposal was to be according to the applicable priorities.

First priority upon disposal was to other agencies of the federal government. Section 12. Disposal to "States and political subdivisions and instrumentalities thereof" was to be given next priority. Section 13. If real property was not disposed pursuant to either of these priorities, former owners of such property were to be given the opportunity to repurchase their lands. Section 23.

The Surplus Property Board, created pursuant to § 5 of the Act, established regulations to implement these priorities. Plaintiffs argue that under these regulations the University does not qualify as a "state or local government", which is given priority behind only the federal government, but rather qualifies as a non-profit institution, to which plaintiffs' predecessors' priority was superior. This Court must disagree.

The Constitution of the State of Missouri vests the government of the state university in a board of curators appointed by the governor with the advice and consent of the senate. Art. IX, § 9(a). See, also Sections 172.010, 172.030, and 172.050 R.S.Mo. (1969). Section 172.020 R.S.Mo. (1969) provides that "the university is hereby incorporated and created a body politic, and shall be known by the name of 'The Curators of the University of Missouri', . . . .".

The functioning of the University has long been recognized as an aspect of the state government. *State v. Neill*, 397 S.W.2d 666 (Mo. banc 1966); *State v. McReynolds*, 193 S.W.2d 611 (Mo. banc 1946); *Todd v. Curators of University of Missouri*, 347 Mo. 460, 147 S.W.2d 1063 (Mo. 1941); *State v. Board of Curators*, 268 Mo. 598, 188 S.W. 128 (Mo.1916). Similarly, higher education has been recognized as a governmental function. *Todd*, supra. Under these circumstances this Court must conclude that the sale to the University falls with the second priority established by the regulations as a sale to a "state or local government".

This interpretation of the regulation is strengthened by the fact that there can be no doubt that the University is an "insti-

tution" of the State of Missouri. Section 13 of the Act establishes priority for such state institutions. To interpret the regulations to exclude such institutions would unnecessarily create an impermissible conflict between the Act and the regulations promulgated to enforce the Act. It is clear that regulations promulgated to enforce a statute must, in order to be valid, be consistent with the statute. *United States v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

This Court must therefore conclude that the University enjoyed a priority status vis-a-vis plaintiffs' predecessors with respect to the sale of the lands in question. Defendants' motions to dismiss will therefore be granted.