Mary HOFEREK, Plaintiff,

v.

UNIVERSITY OF MISSOURI, and Barbara Uehling, Chancellor, University of Mo.-Columbia Campus, and Alton Zanders, Director of Affirmative Action University of Missouri-Columbia Campus, Defendants.

No. 84-4119-CV-C-5.

United States District Court,
W.D. Missouri, C.D.

Feb. 15, 1985.

Neil MacFarlane, Columbia, Mo., for plaintiff.

Robert L. Ross, James S. Newberry, Phillip J. Hoskins, William F. Arnet, Columbia, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

### Background

Plaintiff has filed a 3-count complaint against the above-named defendants. Count 1 alleges violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.;* Count 2 raises a tort claim against Uehling and Zanders; and Count 3 alleges a breach of contract claim against the same two defendants.

Defendants have moved to dismiss Counts 2 and 3 for failure to state a claim upon which relief may be granted, on the grounds that they are barred by the Eleventh Amendment. Plaintiff maintains that the Eleventh Amendment to the United States Constitution does not bar Counts 2 and 3 and in support thereof insists (1) the University of Missouri cannot claim the protection of the Eleventh Amendment, and even if they can, the State of Missouri has waived such protection as it pertains to the University; (2) Uehling and Zanders violated state law in carrying out their official duties, and thus lose the protection the Eleventh Amendment affords state officials; and finally, plaintiff seems to suggest that (3) Counts 2 and 3 (state law claims) are pendent to the Title VII claim, and asserted against Uehling and Zanders in their individual capacities. For the following reasons, defendants' motion will be granted.

The task before this Court on a motion to dismiss is necessarily a limited one. In so passing on such a motion, whether on the grounds of lack of subject-matter jurisdiction or for failure to state a cause of action, the allegations of the complaint are construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The Court discerns only three circumstances under which Counts 2 and 3 are viable: (1) waiver of Eleventh Amendment protections by the State of Missouri; (2) Uehling and Zanders' actions have operated to strip them of the Eleventh Amendment protections afforded state officials; or (3) the state claims could properly be heard by this Court pendent to the Title VII claims. After analysis of these three alternatives,

the Court concludes that Counts 2 and 3 of plaintiff's complaint should indeed be dismissed.

*Opinion*

 As enacted in 1798, and as it remains unchanged today, the Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

Although the Amendment, by its terms, does not bar suits against a state by its own citizens, the United States Supreme Court has long and consistently held that an unconsenting state is immune from suits brought in federal court by her own citizens as well as citizens of another state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed.2d 842 (1890). Such immunity may be waived, and while the Supreme Court has acknowledged that a state may consent to suit against it in federal court, a state's consent to suit must be unequivocally expressed. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). A state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued. *Id.* Moreover, a state's waiver of sovereign immunity in its own courts does not waive the Eleventh Amendment protection it enjoys in the federal courts. *See, e.g. Florida Dept. of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981).

Plaintiff suggests that the University of Missouri is not an arm of the State of Missouri with the ability to raise the Eleventh Amendment as a bar to Counts 2 and 3 of her complaint. Plaintiff goes on to assert that in the event the Curators of the

University of Missouri do otherwise enjoy the protection of the Eleventh Amendment, the Missouri Legislature has waived such protection by the "sue and be sued" language of Mo.Rev.Stat. § 172.020.[1] Plaintiff's argument is not persuasive.

 In a suit against the University of Missouri, more properly the Curators of the University of Missouri, the real party in interest is the State of Missouri. Putting aside the semantics and nuances of University funding, the Curators of the University of Missouri presumptively represent the State of Missouri. *Strong v. Curators of the University of Missouri,* 575 S.W.2d 812 (Mo.App.1978). The Curators, as representatives of the State, are entitled to the immunity from suit in federal court afforded the State under the Eleventh Amendment.

 Once determining that the Curators of the University of Missouri are immune from suit without their consent in federal court, this Court finds nothing to suggest that the State or Curators have subsequently waived that protection. The plaintiff neither advances, nor does the Court find, "explicit" waiver of the Eleventh Amendment. As the statutory grant of power to sue and be sued does not effect a waiver of sovereign immunity, a fortiori, it does not indicate consent to suit in federal court. *See State ex rel. Mo. Div. of Family Services v. Moore,* 657 S.W.2d 32 (Mo. App.1983).

A State's consent to suit against it must be unequivocally expressed. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974). Plaintiff has not convinced this Court that the Curators of the State of Missouri have even impliedly, much less expressly, consented to tort or contract claims being raised against them in federal court.

---

1. Mo.Rev.Stat. § 172.020 (1977) defines the powers of the Curators of the University of Missouri. In relevant part:

 "The University is hereby incorporated and created a body politic and shall be known by the name of 'The Curators of the University of Missouri,' and by that name shall have perpetual succession, power to sue and be sued, complain and defend in all courts;"

 * * * * * *

Plaintiff's assertion of waiver is without merit.

■ An unconsenting state is immune from suit brought in federal court by its own citizen or that of another state. *Employees v. Missouri Public Health & Welfare Dept.*, 411 U.S. 279, 93 S.Ct. 1614, 1622–23, 36 L.Ed.2d 251 (1973). Relief nominally sought against officers of a state is yet barred as it actually is brought against the state—insofar as the damages sought operate to the detriment of the state. *Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963) (per curiam). Thus, suit brought in federal court against Uehling and Zanders, in their capacity as University/State officials, is barred by the Eleventh Amendment just as surely as would asserting these two claims against the University directly.

Plaintiff maintains, however, that the alleged wrongs committed by Uehling and Zanders in the course of their official capacities strip them of the protection of the Eleventh Amendment. *See, e.g. Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (State official can be sued as private individual per the Eleventh Amendment because unconstitutional actions of State officials are "void," therefore do not impart to the official any immunity from responsibility to the supreme authority of the United States). Plaintiff's reliance on *Ex parte Young* is misplaced. Uehling and Zanders cannot be sued in federal court for alleged violations of state law committed by them as State officials.

*Ex parte Young* allows limited, prospective relief against state officials who, through their actions, have allegedly violated a plaintiff's constitutional rights. The federal-law allegation strips the state officer of his official authority, thus facilitating an action in federal court to enjoin further unconstitutional behavior. *Penn-*

hurst State School & Hosp., supra, 104 S.Ct. at 909.

Plaintiff's reliance on *Young* overlooks the fact that Young has repeatedly been explained as a narrow exception to the operation of the Eleventh Amendment designed to promote the vindication of federal rights through injunctive relief. *Id.* at 910. By forcing a wrongdoing state official to answer to the supreme authority of the United States in federal court, *Ex parte Young* reconciles Eleventh Amendment immunity with the supremacy of the rights and powers secured to individuals elsewhere in the Constitution. *Young*, 28 S.Ct. at 454. This need to reconcile competing interests is wholly absent, however, when, as here, a plaintiff alleges that a state official has violated *state* law. *Pennhurst State School & Hosp., supra*, 104 S.Ct. at 911. In cases such as the one at bar, the entire basis for the *Young* exception disappears—a federal court's grant of relief against state officials on the basis of [violation of] state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. *Id. Young* is inapplicable to plaintiff's claims against Uehling and Zanders. Counts 2 and 3 allege that Uehling and Zanders violated rights secured to plaintiff under Missouri state law and seek monetary relief; the Court cannot think of a clearer instance in which the Eleventh Amendment deprives the plaintiff of a federal forum.

Finally, were the Court to go so far as to indulge plaintiff's suggestion that Uehling and Zanders are being sued in their individual capacities,[2] the Court would yet be without jurisdiction to entertain Counts 2 and 3. Plaintiff's intimation that Uehling and Zanders are being sued in tort and contract in their *personal* rather than official capacities necessarily seeks to invoke the power of this Court to hear related state law claims pendent to the adjudication of federal claims.[3]

---

**2.** Plaintiff's complaint actually names Uehling and Zanders as "Chancellor" and "Affirmative Action Director" respectively—they are not named as individuals.

**3.** It was previously thought that once jurisdiction was established on the basis of federal question no further Eleventh Amendment inquiry was necessary regarding all other claims raised by the complaint. *See, e.g. Green v.*

In evaluating whether pendent jurisdiction should be exercised, the Court must initially determine whether it has Article III power to adjudicate state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Federal courts have Article III power to entertain pendent state law claims when the federal and state claims form a "common nucleus of operative fact" such that the plaintiff ordinarily would be expected to try them all in a single judicial proceeding. *Id.* The Court also must consider whether Congress intended state claims to be joined with the substantive federal claim. *See Aldinger v. Howard*, 427 U.S. 1, 16–19, 96 S.Ct. 2413, 2421–2422, 49 L.Ed.2d 276 (1975). Furthermore, the exercise of pendent jurisdiction is discretionary and "need not be exercised in every case in which it is found to exist." *United Mine Workers v. Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139. Thus, assuming that jurisdiction exists, the Court nevertheless must determine if considerations of judicial economy, convenience, and fairness to litigants counsel against entertaining the pendent claim. *Id.* Finally, the principle of comity enters the case where, as here, the pendent claim may involve unsettled questions concerning the application of state law. *Cf. Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

After weighing all of these factors, the Court has determined that, under the circumstances of this case, it would be inappropriate to exercise pendent-party jurisdiction over plaintiff's tort and contract claims.[4] At the outset, it is difficult to ascertain how plaintiff's tort and contract claims share a "common nucleus of operative facts" with her Title VII claim. The Title VII claim clearly and necessarily asserts discriminatory treatment with respect to the terms and conditions of her employment. On the other hand, the tort claim basically alleges fraudulent inducements were made in recruiting plaintiff for her position. The breach of contract claim asserts plaintiff was discharged in violation of the terms of her contract, arguably approaching factual and legal issues similar to those of the Title VII claim. The Court, however, finds the factual and legal dissimilarities between plaintiff's federal and state claims to be such that the Court lacks the power to exercise pendent-party jurisdiction in this case.

Moreover, the Court notes that several district courts have held that Congress did not intend to allow the hearing of pendent state claims in a Title VII lawsuit. *See, e.g. Bennett v. Southern Marine Management*, 531 F.Supp. 115, 117–18 (M.D.Fla. 1982); *Jong-Yul Lim v. International Inst. of Metro Detroit, Inc.*, 510 F.Supp. 722, 725–26 (E.D.Mich.1981); *Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951, 954 (S.D.Fla.1978). As these courts have observed, allowance of state law claims would transform the equitable Title VII action into a more complex case. The state law claims would be triable to a jury and would

*Louisville & Interurban Railroad Co.*, 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280 (1917). It is now clear, however, that pendent claims brought against state officials for violation of state law in carrying out their official responsibilities are likewise barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 919–920, 79 L.Ed.2d 67 (1984). Thus, Counts 2 and 3 are viable, if at all, only as they may be brought against Uehling and Zanders as individuals.

4. The Court notes that hearing Counts 2 and 3 would involve the joinder of pendent *parties*-defendant compared to the maintenance of pendent *claims*. Uehling and Zanders are not proper party-defendants to plaintiff's Title VII claim; they are defendants only insofar as

Counts 2 and 3 remain. *See* 42 U.S.C. § 2000e(b) ["employer" defined]; 42 U.S.C. § 2000e–2(a). Jurisdictional barriers to pendent *party* jurisdiction are considerably more restrictive than those relating to pendent *claim* jurisdiction. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976). While the Supreme Court has suggested that the only instance in which pendent-party jurisdiction might properly be exercised is a situation, such as the instant, where the federal courts enjoy *exclusive* jurisdiction over the main claim, *Id.*, 96 S.Ct. at 2422, such an exercise of jurisdiction would yet require this Court's conclusion that the exercise of pendent jurisdiction is otherwise constitutionally proper; that is to say, the state and federal claims arise out of a common nucleus of operative fact.

open up issues of compensatory and punitive damages. Accordingly, the exercise of pendent jurisdiction over plaintiff's tort and contract claims is inappropriate as it would conflict with and detract from the procedural and remedial scheme enacted by Congress.

Finally, assuming *arguendo* that the Court has the power to hear the tort and contract claims, and they are brought against Uehling and Zanders as individuals, the Court nevertheless would decline to exercise pendent jurisdiction. Hearing the state law claims would complicate matters of proof, confuse the issues in this case and unnecessarily involve the Court in a determination of official immunity the defendants may enjoy under Missouri state law.

### Conclusion

In accordance with the foregoing discussion of the relevant legal principles, the Court is satisfied that Counts 2 and 3 of plaintiff's complaint are not properly before the Court.

Therefore, it is hereby

ORDERED that the defendant's motion to dismiss Counts 2 and 3 of plaintiff's complaint is hereby granted.