661 F.Supp. 1192 (1987)
Marvin J. HEMPHILL, Plaintiff,
v.
Dick D. MOORE, et al., Defendants.
No. 86-366C(1).
United States District Court, E.D. Missouri.
June 24, 1987.
*1193 Howard J. Smith, Clayton, Mo., Alan E. DeWoskin, Clayton, Mo., for plaintiff.
Robert D. Huelskamp, Joseph M. Kortenhof, St. Louis, Mo., for defendants Smith, Russell, Anderson, Bates, Cocos, Epple, Frazer, Lichteneger, Smith, Turner.
John W. Simon, Asst. Atty. Gen., Jefferson City, Mo., for defendants Pittinger, Tompson.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before the Court on the motion of the defendants Russell, Anderson, Bates, Cocos Jr., Epple, Frazer, Lichteneger, Smith Jr., and Turner to dismiss for failure to state a claim upon which relief may be granted. Each of these defendants are members of the Board of Curators of the University of Missouri and are hereinafter referred to collectively as the Curators. As the Curators argue, this action should be dismissed because the Eleventh Amendment bars the action and because the plaintiff fails to allege acts by which the Curators may be held individually liable. For the reasons set out below, the defendants' motion is granted.
By this action, Marvin J. Hemphill, an inmate held in the custody of the State of Missouri, sues various employees of the Missouri Department of Corrections and Human Resources, members of the Board of Curators, and Robert Smith, Director of the University Medical Center. The Curators are sued in both their individual and official capacities. The plaintiff seeks damages under 42 U.S.C. § 1983, alleging that these defendants violated his Eighth Amendment rights by their deliberate indifference to his medical needs. Specifically, the defendants allegedly refused to perform surgery to correct a serious ear infection, a pseudomonas bacterial infection.[1]
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable *1194 to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.
Initially, the Court notes that the plaintiff has alleged a colorable claim. As incorporated by the Fourteenth Amendment, the Eighth Amendment prohibits the infliction of cruel and unusual punishments. This prescription includes the infliction of pain through deliberate indifference to serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S.Ct. 285, 291-92, 50 L.Ed.2d 251 (1976). To rise to the level of an Eighth Amendment violation, the indifference must result in an unnecessary and wanton infliction of pain or injury. Jorden v. Farrier, 788 F.2d 1347, 1348 (8th Cir.1986) (citing Robinson v. Moreland, 655 F.2d 887, 889 (8th Cir. 1981)). As the plaintiff alleges, at the time he entered state custody he suffered from an ear infection, requiring immediate medical attention; the defendants failed to provide proper and necessary medical care, including surgery; and the plaintiff suffered injuries and severe pain as a result of the defendants' failures. The plaintiff bases the Curators' liability upon the customs and policies of the Board. In particular, the plaintiff alleges that the Curators contracted with the Department of Corrections to provide medical services to Missouri inmates. These allegations raise issues of fact concerning the extent of the plaintiff's suffering and the adequacy and timing of the treatment provided.
The Curators assert the Eleventh Amendment as a bar to recovery of money damages against them in their official capacities. "The bar of the Eleventh Amendment to sue in federal court extends to States and state officials in appropriate circumstances, but do not extend to counties and similar municipal corporations." Mount Healthy Board of Ed. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977) (citations omitted). As framed by the court in Mount Healthy, the issue is whether the Curators are to be treated as an arm of the state or instead to be treated as a municipal corporation to which the Eleventh Amendment does not extend. Id. This issue has been litigated with respect to numerous state entities. See C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3524 (1984) (collecting cases). However, because the answer turns in part upon state law, Mount Healthy, 429 U.S. at 280, 97 S.Ct. at 572, a distinct determination must be made as to each entity. E.g., Walstad v. University of Minnesota Hospitals, 442 F.2d 634, 641-42 (8th Cir.1971).
In Hoferek v. University of Missouri, 604 F.Supp. 938, 940 (W.D.Mo.1985), the court held that the Curators are entitled to immunity under the Eleventh Amendment. As that court noted, "[p]utting aside the semantics and nuances of university funding, the Curators of the University of Missouri presumptively represent the State of Missouri." Id. (Citing Strong v. Curators of the University of Missouri, 575 S.W.2d 812 (Mo.Ct.App.1978)). In addition, the court held that the state's statutory grant to the Curators of power to sue and be sued does not effect a waiver of sovereign immunity and therefore cannot operate as a consent to sue in federal court. Id.[2]
*1195 Further examination of state law buttresses the conclusion of Hoferek. Article IX, Section 9(a) of the Missouri Constitution vests government of a state university in a Board of Curators. Section 9(b) of Article IX authorizes state funding by requiring the General Assembly to maintain the university and other educational institution "as it may deem necessary." The Curators' enabling legislation is found at Mo. Rev.Stat. § 172.020 (Vernon Supp.1987). This statute establishes the Board and enumerates its powers, including the power to sue and be sued, and to purchase and sell land and chattels. The Board has no power to tax but has the implied power to issue revenue bonds, State ex rel. Curators of University of Missouri v. McReynolds, 354 Mo. 1199, 193 S.W.2d 611 (1946), and may accept private donations. See Head v. Curators of University of Missouri, 47 Mo. 220, 225, 22 L.Ed. 160 (1871), aff'd, 86 U.S. (19 Wall.) 526, 22 L.Ed. 160 (1873). Otherwise, the Curators depend upon the General Assembly for appropriations. Thus, any tort recovery would come from state funds.
Moreover, courts have generally considered the Curators to be a state instrumentality, executing state functions, rather than an autonomous political subdivision.[3]See Thielecke v. United States, 491 F.Supp. 1343, 1344-45 (E.D.Mo.1980) (university qualifies as "state government" for purposes of Surplus Property Act of 1944); Tribune Publishing Co. v. Curators of University of Missouri, 661 S.W.2d 575, 584 (Mo.Ct.App.1983) (state functions through the Curators for purposes of sunshine law).
Based upon the Curators' limited autonomy and the source of university funding, this Court concludes that the Board of Curators is entitled to immunity from suits for money damages under the Eleventh Amendment. This immunity extends to individual members of the Board sued in their official capacity. Rollins ex rel. Agosta v. Farmer, 731 F.2d 533, 535 (8th Cir.1984) (citing Monell v. Department of Social Services, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)).
As the Curators also assert, the plaintiff's complaint alleges no basis for the Curators' individual liability. In his complaint, the plaintiff relies upon the "policies and customs" of the Curators to establish liability and alleges no acts directly linking the Curators to the alleged injuries. Thus, the plaintiff fails to allege a claim against the individual Curators upon which relief may be granted. Relying upon Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the plaintiff argues that the Curators' acts violated state statutes and regulations regarding inmate medical care and that, therefore, the individual Curators are not entitled to immunity. This argument is simply inapposite. Though the complaint purports to sue the Curators in their individual as well as official capacities, the complaint fails to allege any acts taken individually. Thus, it would appear that the plaintiff can prove no set of facts in support of his claim against the individual Curators.
Because the defendants are immune in their official capacities and undertook no acts regarding the plaintiff in their individual capacities, the motion of the Curators to dismiss this action is granted.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that the motion of defendants Russell, Anderson, Bates, Cocos Jr., Epple, Frazer, Lichteneger, Smith Jr., and Turner to dismiss be and is granted.
*1196 IT IS FURTHER ORDERED that the plaintiff shall, in writing and within fifteen (15) days of the date of this order, respond to the motion of defendant Robert Smith for summary judgment.
IT IS FURTHER ORDERED that the motion of the University of Missouri Columbia Medical School Foundation to dismiss be and is denied as moot, the defendant having been dismissed voluntarily on September 25, 1986.
IT IS FURTHER ORDERED that the motion of the plaintiff to compel production of documents be and is denied without prejudice for failure to comply with Rule 7(C), Rules of the United States District Court for the Eastern Judicial District of Missouri.
NOTES
[1] On September 15, 1986, the plaintiff received surgery to correct his ear condition. Accordingly, this Court previously denied as moot the plaintiff's petition for a writ of mandamus. Hemphill v. Moore, No. 86-366 (E.D.Mo. February 9, 1987) (order and memorandum denying writ of mandamus).
[2] During the past several years, the vitality of the doctrine of sovereign immunity in Missouri has been in flux. See generally Bartley v. Special School District, 649 S.W.2d 864 (Mo.1983). With the 1985 amendments to Mo.Rev.Stat. § 537.600, the legislature revived the doctrine subject to two exceptions not relevant here. Thus, the Curators' sovereign immunity, as set out in Todd v. Curators of University of Missouri, 347 Mo. 460, 147 S.W.2d 1063, 1064 (1941) and reiterated by Strong, is once again viable.
[3] The Missouri statutes do not generally define the term "political subdivisions." However, for those purposes for which "political subdivisions" is defined, the Curators are not included. E.g., Mo.Rev.Stat. §§ 70.120 & 70.210 (Vernon 1987) (defining political subdivision for purposes of contracting with other governmental units); Mo.Rev.Stat. § 70.600 (Vernon 1987) (defining political subdivision for purposes of local government employee's retirement system).