**JOSKE CORPORATION, Appellant,**

v.

**KIRKWOOD SCHOOL DISTRICT R–7, Appellee.**

No. 89–1683.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1990.

Decided May 21, 1990.

Rehearing and Rehearing En Banc Denied July 6, 1990.

Bertram W. Tremayne, Jr., Clayton, Mo., for appellant.

James J. Sauter, St. Louis, Mo., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.

* The Honorable Lyle E. Strom, Chief Judge, District of Nebraska, sitting by designation.

STROM, District Judge.

Kirkwood School District R–7 (Kirkwood) appeals from the District Court's denial of its motion for judgment notwithstanding the verdict following a jury trial stemming from a contract dispute between Kirkwood and Joske Corporation (Joske). Jury Verdict III awarded Joske $37,500 against Kirkwood for damages because of Kirkwood's filing of a claim on Joske's performance bond. Joske initiated this lawsuit seeking damages for breach of contract in connection with the resurfacing of the athletic track at Kirkwood High School and for Kirkwood's unlawful retention of Joske's equipment and supplies. Kirkwood filed a counterclaim and also filed a third-party complaint against Credit General Insurance Company which had signed Joske's performance bond. Joske then filed an amended complaint which alleged that Joske had suffered damages because of Kirkwood's claim on Joske's performance bond. Consequently Joske could not obtain necessary bonding for jobs with other school districts. Joske argues, therefore, that it lost future profits and business. Kirkwood challenges the District Court's allowance of Joske's claim for the bond filing as submittable to the jury contending such an action sounds in tort for which Kirkwood enjoys sovereign immunity under Mo.Rev.Stat. § 537.600 (1986).

## I. FACTUAL BACKGROUND

Joske was a Kansas corporation with specific expertise in the surfacing and installation of high school and college running tracks. Joske contracted with Kirkwood School District on February 17, 1987, to install and reconstruct an all-weather running track surface and field event areas according to agreed upon plans and specifications. On November 21, 1987, Joske's employees went to the job site only to discover the locks on the gates had been changed. Joske was thus locked out, but a considerable portion of their equipment and material was locked in.

The construction contract between Joske and Kirkwood was for $233,000. Joske's initial complaint against Kirkwood and S.

Fred Hawkins (Assistant Superintendent) sought actual damages of $100,000 and punitive damages of $1,000,000 for breach of contract and conversion of Joske's equipment and material. Kirkwood counterclaimed against Joske for breach of contract claiming Joske failed to perform the contract in a timely fashion and the construction was improper, defective, and performed in an unworkmanlike manner. The counterclaim was for $162,500 in actual damages and $50,000 in consequential damages for the delay in the track's operation. In addition, Kirkwood brought Credit General Insurance Company (Credit General) in the lawsuit by third party complaint. Joske had obtained a performance bond with Credit General, as surety, in favor of Kirkwood, in the amount equal to the project cost.

Joske, following the counterclaim and claim against Credit General upon the bond, amended its complaint alleging that because of Kirkwood's claim for $162,500 against Credit General, Joske could not obtain any future bonds. Therefore, Joske lost jobs and profits with other school districts because it could not meet the necessary bonding requirements. For this act by Kirkwood, Joske prayed for damages of $1,000,000 in addition to its other damage claims.

Kirkwood, not to be outdone, amended its answer and counterclaim against Joske and raised its breach of contract claim for damages to $249,000. Kirkwood also amended its third party complaint against Credit General and raised the bond claim to $223,002—the full amount of the bond taken out by Joske with Credit General.

The jury, after five days of trial, found for Joske and against Kirkwood under Verdict I for breach of contract and awarded damages in the sum of $12,000. In Verdict IV, the jury found in favor of Kirkwood's counterclaim against Joske for breach of contract, but no damages were awarded. In Verdict III, the jury awarded Joske $37,500 in damages for lost profits against Kirkwood because of Kirkwood's filing of a claim on Joske's performance bond.

The sole issue on appeal concerns the Verdict III award of damages against Kirkwood for $37,500. Kirkwood contends that under Mo.Rev.Stat. § 537.600 (1986) the trial court erred in submitting to the jury the tort issue of whether Joske could recover against it by reason of the claim on the bond. First, Kirkwood argues that its action of filing on the performance bond was a tort and not a breach of contract claim. Therefore, Joske cannot recover against a school district under the common law theory of sovereign immunity embodied statutorily (with exceptions not relevant to this case) in § 537.600. Second, Kirkwood argues that Joske did not present sufficient evidence to prove causation of Joske's lost profits.

We hold that the district court erred in denying Kirkwood's motion for judgment notwithstanding the verdict with regard to the wrongful bond filing claim. Because Kirkwood School District is immune from tort liability under the doctrine of sovereign immunity, we need not consider Kirkwood's argument that the evidence was not sufficient to prove causation.

The act of filing on Joske's performance bond in the amount of $162,500 (and subsequently raising this amount to the maximum bond amount of $232,002) appears excessive. Evidence at trial showed Kirkwood only expended approximately $63,000 with another athletic track construction company to "re-repair" the track and finish construction. The total damage to the school, even absent money owed to Joske under the contract, could only amount to $63,000—far shy of the $232,002 bond claim filed by Kirkwood.

Such an act of Kirkwood sounds in tort—specifically a "prima facie tort." The elements of a prima facie tort as recognized in *Porter v. Crawford & Co.*, 611 S.W.2d 265 (Mo.Ct.App.1980), are: (1) intentional lawful act by the defendant; (2) an intent to cause injury to the plaintiff; (3) injury to the plaintiff; and (4) an absence of any

justification or an insufficient justification for the defendant's act. *Id.* at 268. Thus, the action initiated by Joske against Kirkwood for Kirkwood's perhaps unwarranted, but legal filing on Joske's performance bond for $232,002 is an action sounding in tort for which Kirkwood enjoys sovereign immunity.

## II. DISCUSSION

The Missouri Supreme Court abrogated the common law doctrine of sovereign immunity in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo.1977) (en banc). In *Jones* the court abrogated the doctrine prospectively as to all claims arising on or after August 15, 1978. In response, the Missouri legislature passed, *inter alia*, Mo.Rev.Stat. § 537.600 which reestablished with exceptions and slight modifications the doctrine of sovereign immunity. Section 537.600, the applicable statute in this case, provides in part:

1. Such sovereign or governmental tort immunity as existed at common law in the state prior to September 12, 1977 [the date of the *Jones* decision], except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

    (1) [Injuries directly resulting from negligent acts of omissions arising out of the operation of motor vehicles];

    (2) [Injuries caused by the condition of a public entity's property if that property was in a dangerous condition.]

Prior to *Jones*, when a state entity functions in a *governmental or sovereign capacity*, that entity could not be sued in a tort action absent express statutory consent. However, these entities could be sued in tort actions when functioning in a *proprietary capacity.*[1] *See, e.g., German*

---

1. To determine whether a public entity—usually a municipal corporation—is performing a governmental or proprietary function a court must look to the nature of the activity performed.

*Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 294–95 (Mo.Ct.App.1983). A proprietary function is performed for the special benefit or profit of the city or municipal corporation while

*v. Kansas City,* 512 S.W.2d 135 (Mo.1974); *Myers v. City of Palmyra,* 355 S.W.2d 17 (Mo.1962). The governmental/proprietary distinction test remains by implication in effect in Missouri today. *See* Mo.Rev.Stat. § 537.600.2 and *State ex rel. Wartick v. Teel,* 737 S.W.2d 258, 260 (Mo.Ct.App.1987).

With regard to the present case, it is not necessary to delve into the less than empirical governmental/proprietary distinction test.[2] Here, having found that Joske's suit for lost profits is an action sounding in tort, the claim would fail under both § 537.600 and the governmental/proprietary distinction test (if such a test were to be applied). Missouri courts have long held that the construction, maintenance, and repair of school facilities, buildings, and grounds are expressly held to be governmental functions and, therefore, sovereign immunity will apply. *Fowler v. Board of Regents,* 637 S.W.2d 352 (Mo.Ct.App.1982); *Rennie v. Belleview School District,* 521 S.W.2d 423 (Mo.1975) (en banc); *Todd v. Curators of the University of Missouri,* 347 Mo. 460, 147 S.W.2d 1063 (1941).

The construction and operation of an athletic track is a distinct part of the secondary educational process performed by Kirkwood High School. Thus, the ability to contract to build the athletic track and also the ability to enforce the provisions of such a contract are purely governmental functions. The fact that Kirkwood would have received incidental pecuniary benefits in the form of gate receipts and concession stand money does not outweigh the educational function of the athletic track for students. The building of an athletic track

by a high school cannot be said to be a proprietary function merely because admission is charged and hot dog sales occur.

Therefore, the order of the district court denying Kirkwood's motion for judgment notwithstanding the verdict with respect to the wrongful bond filing claim is reversed; the jury's verdict against Kirkwood School District R–7 in the amount of $37,500 is set aside; and Joske's claim for wrongful bond filing set forth in Count I is dismissed.

FAGG, Circuit Judge, dissenting.

Because I cannot conclude the district court committed reversible error, I would affirm that court's judgment.

---

a governmental function is one which is performed for the common good of all. *Id. See also, Schulz v. City of Brentwood,* 725 S.W.2d 157, 160 (Mo.Ct.App.1987).

**2.** Historically, school districts in Missouri have enjoyed sovereign immunity. *Rennie v. Belleview School District,* 521 S.W.2d 423 (Mo.1975) (en banc) and *Smith v. Consolidated School District No. 2,* 408 S.W.2d 50 (Mo.1966) (en banc). School district tort cases following *Jones* and the passage of § 537.600 began applying the governmental/proprietary distinction test to determine the applicability of sovereign immunity doctrine. *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo.1979) (en banc); *Bartley v. Special School District of St. Louis County,* 649

S.W.2d 864 (Mo.1983) (en banc); *Delmain v. Meramec Valley R–III School District,* 671 S.W.2d 415 (Mo.Ct.App.1984); *Johnson v. Carthell,* 631 S.W.2d 923 (Mo.Ct.App.1982); and *Allen v. Salina Broadcasting, Inc.,* 630 S.W.2d 225 (Mo.Ct.App.1982). However, the Missouri Supreme Court recently stated, in a non-school district case, "A school district enjoys sovereign immunity, and there is no need to invoke the proprietary-governmental analysis." *State ex rel. Missouri Department of Agriculture v. McHenry,* 687 S.W.2d 178, 182 n. 5 (Mo.1985) (en banc). State appellate courts have been unsure which rule to follow. *See, Taylor v. Klund,* 739 S.W.2d 592 (Mo.Ct.App.1987).