**Kenneth WHITHAUS, Appellant,**

v.

**The CURATORS OF the UNIVERSITY OF MISSOURI, Respondent.**

**No. WD 73403.**

Missouri Court of Appeals,
Western District.

Aug. 16, 2011.

Paul T. Graham, Jefferson City, MO, for Appellant.

Kelly S. Mescher, Columbia, MO, for Respondent.

Before: THOMAS H. NEWTON, P.J., CYNTHIA L. MARTIN, and GARY D. WITT, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Kenneth Whithaus appeals from the trial court's judgment dismissing his suit against the Curators of the University of Missouri. Mr. Whithaus sought reinstatement of his long-term disability benefits, and the trial court found it lacked subject matter jurisdiction. We reverse and remand.

## Factual and Procedural Background

According to the allegations in the petition, Mr. Whithaus began receiving long-term disability benefits in 1999. The benefits were through the University's long-term disability plan (Plan), which was administered by Assurant Employee Benefits (Assurant). In a letter dated November 2, 2009, Assurant informed Mr. Whithaus his "claim [was] denied as of 11/1/09" because he was "no longer considered disabled according to the Plan." It informed him that should he "wish to request a review," he should "see the attached Claim Denial Review Procedures." The "Claim Denial Review Procedure" stated that a review could be requested from the University or from Assurant and that it "must be in writing and must be made within 90 days of receipt of the written notice of denial."

In a letter dated November 23, 2009, Mr. Whithaus wrote to Assurant seeking review of its denial of benefits and attaching his doctor's medical report opining that he should "receive disability for exertionally mediated ventricular arrhythmias."

In a letter dated January 29, 2010, Assurant denied Mr. Whithaus's appeal, asserting that he did not meet the definition of "total disability" and stating in the letter that if he disagreed and wished to "request a review, [he] should address [his] appeal to the University of Missouri. Please see the attached Claim Denial Review Procedures." The "Claim Denial Review Procedure" attachment, as before, however, informed him a review could be requested from the University or from Assurant and that if he requested a review, his claim would "be referred to an Assurant Employee Benefits Supervisor or Manager."

On July 7, 2010, Mr. Whithaus's attorney sent a letter to Assurant requesting a review of the adverse benefit determination as well as asking Assurant to "immediately provide . . . a complete copy of the Plan." The University responded to this letter on July 14, 2010, denying the request for review because it had been more than 90 days since Mr. Whithaus had received notice of the denial of his benefits in the January 29 letter.

On July 23, 2010, Mr. Whithaus filed suit, seeking, *inter alia*, a judgment declaring that he was totally disabled under the terms of the plan and entitled to benefits. The University moved to dismiss his petition for "lack of subject matter jurisdiction," contending Mr. Whithaus had failed to exhaust his administrative reme-

dies. After argument,[1] the trial court dismissed Mr. Whithaus's suit, finding it had a lack of subject matter jurisdiction. Mr. Whithaus appeals.

## Standard of Review

■ Whether a petition was properly dismissed for lack of subject matter jurisdiction is a question of law we review *de novo*. *Coleman v. Mo. Sec. of State*, 313 S.W.3d 148, 151 (Mo.App. W.D.2010).[2]

## Legal Analysis

On appeal, Mr. Whithaus argues that the trial court erred in dismissing his petition for lack of subject matter jurisdiction. We agree.

First, while it is true that the failure to exhaust administrative remedies has historically been characterized as an issue of subject matter jurisdiction, the Missouri Supreme Court clarified in *Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), and *McCracken v. Wal–Mart Stores E., L.P.*, 298 S.W.3d 473 (Mo. banc 2009), that Missouri trial courts have subject matter jurisdiction over all cases and matters, civil and criminal. Mo. Const. art. V, sec. 14; *McCracken*, 298 S.W.3d at 477. The issue is not one of subject matter jurisdiction, but rather whether there is a bar to the trial court's authority to hear a case. *See Edoho v. Board of Curators of Lincoln Univ.*, 344 S.W.3d 794, 797–98 (Mo.App. W.D.2011).

■ This difference is significant because a motion to dismiss for lack of subject matter jurisdiction has been subject to a preponderance of the evidence standard.

*See, e.g., Fortenberry v. Buck*, 307 S.W.3d 676, 679 (Mo.App. W.D.2010). An argument that the litigant's claim is time-barred, however, is normally raised as an affirmative defense in an answer rather than in a motion to dismiss. *Kixmiller v. Bd. of Curators of Lincoln Univ.*, 341 S.W.3d 711, 714 (Mo.App. W.D.2011). Such an affirmative defense may not be granted in a motion to dismiss absent a showing that the petition clearly establishes "on its face and without exception that it is barred." *Id.* (internal quotation marks and citation omitted). Further, while the defense that a litigant's claim is time-barred may also be properly submitted in a motion for summary judgment, this motion is also subject to a higher standard than a motion to dismiss for lack of subject matter jurisdiction. *See Fortenberry*, 307 S.W.3d at 679. Because the trial court granted the University's motion to dismiss for lack of subject matter jurisdiction and did not detail its reasoning, we cannot assume that the University's motion was held to an appropriate standard.

Second, Mr. Whithaus's petition does not clearly establish on its face and without exception that it was barred. *See Kixmiller*, 341 S.W.3d at 714. In its motion the University argued that because Mr. Whithaus had requested a declaratory judgment, he must "pursue the administrative remedies he had available before asking a court to provide him redress for his complaint" and that Mr. Whithaus failed to do so.

■ It is true that where a litigant's claim is subject to the contested case requirements of the Missouri Administrative Procedures Act (MAPA),[3] if the litigant

---

1. No transcript of argument was provided on appeal.

2. The University argues our review is for abuse of discretion and contends there is a factual dispute. We do not agree. The dispute cited by the University is a legal question as to the proper interpretation of the Plan and the letters from Assurant.

3. Statutory references are to RSMo 2000 and the Cumulative Supplement 2010.

has failed to exhaust administrative remedies, the trial court is deprived of statutory authority to act other than in dismissing the petition. *Coleman,* 313 S.W.3d at 158. A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specified parties are required by law to be determined after hearing." § 536.010(4). Section 536.010(2) defines an agency as, "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases, except those in the legislative or judicial branches." Prior case law has held the University to be an agency for the purposes of MAPA. *See, e.g., Todd v. Curators of the Univ. of Mo.,* 347 Mo. 460, 147 S.W.2d 1063, 1064 (1941). However, in 1994 the General Assembly enacted section 536.018. *Edoho,* 344 S.W.3d at 798. That section states:

> The term "agency" and the term "state agency" as defined by section 536.010 shall not include an institution of higher education, supported in whole or in part from state funds, if such institution has established written procedures to assure that constitutionally required due process safeguards exist and apply to a proceeding that would otherwise constitute a 'contested case' as defined in section 536.010.

The University states that it "acknowledges" it is not an agency.

Consequently, the University did not rely on MAPA to argue that Mr. Whithaus was required to exhaust administrative remedies. In its brief discussion, it stated that Mr. Whithaus sought a declaratory judgment and, presumably by the nature of the remedy sought, Mr. Whithaus's claim is subject to an exhaustion of administrative remedies requirement. This overly broad argument is not supported by cases the University cites: *State ex rel. Mo. State Bd. of Reg. for the Healing Arts v. Hartenbach,* 768 S.W.2d 657, 659 (Mo. App. E.D.1989) (exhaustion of administrative remedies is a requirement for a declaratory judgment action *against an agency* ), and *State ex rel. J.S. Alberici, Inc. v. City of Fenton,* 576 S.W.2d 574, 577 (Mo.App. E.D.1979) (exhaustion of administrative remedies required where *statute provided specific procedure for administrative appeal* of zoning decision).

One of the University's cited cases does, however, support a narrower proposition. In *Muth v. Board of Regents of Southwest Missouri State University,* it was determined that pursuant to *Reed v. St. Louis S.W.R. Co.,* 95 S.W.2d 887 (Mo.App.1936) and *Transcontinental & Western Air, Inc. v. Koppal,* 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953), a faculty member was required to exhaust the administrative remedies under her employment contract with the University prior to bringing suit. 887 S.W.2d 744, 748, 749–50 (Mo.App. S.D. 1994); *see also Schnelting v. Coors Distributing Co. of Mo.,* 729 S.W.2d 212, 215 (Mo.App. E.D.1987) (finding that employee was required to exhaust administrative remedies in employee handbook as a precondition to suit).

Like an employment contract, a disability plan is a contract governed by the rules of contract construction. *See Grubbs v. Standard Ins. Co.,* 328 S.W.3d 458, 462 (Mo.App. E.D.2010). Thus, as Mr. Whithaus correctly argues, we look first to the Plan to determine whether it required Mr. Whithaus to exhaust administrative remedies provided by the University as a condition precedent to bringing suit. A court's role is to enforce the policy as written. *Id.* We interpret the policy as a whole to determine the parties' intent. *Id.* Unless it is obvious that a technical meaning is intended, we give the words used their ordinary meaning. *Id.*

■ Mr. Whithaus sets forth several arguments contending he was not required to engage in further appeals prior to bringing suit: (1) He argues that the "Claim Denial Review Procedure" set forth in Assurant's letter creates an additional administrative appeal not in the Plan itself and that Assurant, as the Plan Administrator, was not authorized to add additional terms to the Plan; (2) the Plan did not require him to appeal the denial of his appeal to the University within 90 days after the denial of his first appeal; (3) even if Assurant's "Claim Denial Review Procedure" governed his case, he complied with both the Plan terms and its plain terms by appealing his benefit termination within 90 days.

■ First, we question whether the language in the Plan rises to the level of an agreement between the insured and insurer that an administrative procedure must be exhausted as a condition precedent to judicial review. Second, the Plan itself does not set forth a second appeal procedure with which a claimant is required to comply.[4] Third, even assuming *arguendo* that Assurant's "Claim Denial Review Procedure" could be considered part of the Plan such that it set forth requirements for Mr. Whithaus's appeal of his denial of benefits, we find that he complied with the Procedure's terms. We construe ambiguities and limiting terms against the insurer. *Id.* The Procedure informed Mr. Whithaus that his "request for review must be in writing and must be made within 90 days of receipt of the written notice of denial." Mr. Whithaus requested review on November 23, 2009, within 90 days of the November 2, 2009, letter from Assurant informing him of the denial of his benefits. The Procedure does not state that a claimant is required to appeal the denial after his request for review. Nor does the Procedure state that after the Administrator denies a first appeal, the claimant is then required to appeal to the University. In fact, such an interpretation would be illogical given that the Procedure states that the request would be referred to an Assurant Employee Benefits Supervisor or Manager for determination.

Consequently, Mr. Whithaus's claim was not properly dismissed for lack of subject matter jurisdiction, nor was Mr. Whithaus contractually bound to seek a second appeal to the University within 90 days of Assurant's January 29, 2010, denial after his request for review.

### Conclusion

For the foregoing reasons, the trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

MARTIN and WITT, JJ. concur.

---

4. There is some dispute as to whether the 2007 version of the Plan or the 2010 version of the Plan governs on this issue. We find it unnecessary to resolve this question as neither version of the plan can reasonably be construed to require multiple administrative appeals. Section F.8. of the 2007 Plan in relevant part states: "If it has been determined that a claimant is no longer Totally Disabled, the claimant has 90 days from the date of notification of discontinuation to furnish proof of the claimant's continued Total Disability." Similarly, the 2010 Plan provides:

> If it has been determined that you are not totally disabled as defined by this plan, or you are no longer totally disabled if you have been receiving benefits under this plan, you will have 90 days from the date of notification to file an appeal and furnish proof of your total disability or continued total disability.